UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                          Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY FEES AND COSTS**

Plaintiff Colin W. Yates ("Plaintiff") filed this action in state court against Defendants Superior Air Charter, LLC (d/b/a JetSuite Air), Alexander Wilcox, and Brian Coulter (collectively, "Defendants"). Plaintiff seeks to allege state labor and employment law violations concerning Defendants' decision to terminate Plaintiff's employment as a pilot with Defendant JetSuite Air. ("Complaint," Dkt. No. 1-1.) Asserting that subject matter jurisdiction exists because Plaintiff's claims are "completely preempted by federal law," Defendants removed this matter. ("Notice of Removal," Dkt. No. 1, at 13.)

Before the Court is Plaintiff's Motion to Remand ("Motion"). (Dkt. Nos. 20, 20-1.) Also before the Court is Plaintiff's request for attorney fees and costs. (Dkt. No. 20-1, at 18.)

The Court GRANTS the Motion and ORDERS that the action be REMANDED. The Court also DENIES Plaintiff's request for attorney fees and costs.

**REQUEST FOR JUDICIAL NOTICE**

Defendants filed a Request for Judicial Notice. (Dkt. No. 23.) It includes the following documents: (1) correspondence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

from the U.S. Department of Labor, (2) a report describing an aircraft accident, (3) Air Carrier Certificates, (4) a Standard Airworthiness Certificate, (5) a Federal Aviation Administration ("FAA") flight manual excerpt, and (6) a letter sent by Plaintiff to the Department of Labor. (*Id.* at 1-2.)

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a *fact* that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). Courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Putting aside whether judicial notice under Rule 201 is the right approach here, the Court will consider the documents.

**BACKGROUND**

These facts are taken from the Complaint. Plaintiff worked as a pilot for Defendant JetSuite from 2011 until his termination in 2013. (Complaint, ¶¶ 10, 63.) Plaintiff alleges that in May 2011 he was involved in an aircraft accident in Sedona, AZ. (*Id.*, ¶¶ 26-30.) In the year following the accident, Defendants promoted Plaintiff to captain. (*Id.*, ¶ 38.) But in July 2013 Defendants fired Plaintiff. (*Id.*, ¶ 63.) Defendants did so shortly after Plaintiff sent written complaints to both the National Transportation Safety Board and the manufacturer of the aircraft that crashed in Sedona. (*Id.*, ¶¶ 52-62.) Plaintiff alleges that JetSuite fired him "to punish [Plaintiff] for whistleblowing." (*Id.*, ¶ 64.)

**LEGAL STANDARD**

"Federal courts 'jealously' guard their own jurisdiction." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "If at any time before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. C 1447(c). "The presence or absence of federal-question jurisdiction that will support removal is governed by the 'well-pleaded complaint rule,' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

"[I]t is . . . settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* (emphasis in original). "There does exist, however, an 'independent corollary' to the well-pleaded complaint rule, . . . known as the 'complete pre-emption' doctrine." *Id.* at 393. Sometimes "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

In the Ninth Circuit, state law can be "completely preempted" where the federal statute "occupies the entire field, barring assertion of any state law claims and permitting removal to federal court." *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118-1119 (9th Cir. 2002). Generally, a defendant cannot justify removal on facts not alleged in the complaint. *Caterpillar*, 482 U.S. at 397 ("Caterpillar impermissibly attempts to create the prerequisites to removal by ignoring the set of facts (*i.e.*, individual employment contracts) presented by respondents, along with their legal characterization of those facts, and arguing that there are different facts respondents might have alleged that would have constituted a federal claim. In sum, Caterpillar does not seek to point out that the contract relied upon by respondents is in fact a collective agreement; rather it attempts to justify removal on the basis of facts not alleged in the complaint.").

**ANALYSIS**

Defendants argue that Plaintiff's state law claims are completely preempted by federal law, specifically by the FAA, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

Airline Deregulation Act ("ADA"), and the Wendell H. Ford Investment Aviation and Reform Act ("AIR 21"). (Opp'n, Dkt. No. 22, at 1.) Defendants assert that the Ninth Circuit has held that claims like Plaintiff's are completely preempted by the FAA. (*Id.*) The Court addresses the FAA, ADA, and AIR 21 in turn.

**1. The FAA**

Defendants' argument that the FAA completely preempts Plaintiff's state law claims is unconvincing. First, Defendants assert that *Montalvo v. Spirit Airlines*, 508 F.3d 464 (9th Cir. 2007), supports finding complete preemption. (Opp'n, at 8.) The *Montalvo* court considered failure to warn claims and held that the FAA occupies the field of aviation safety. *Id.* at 470. The *Montalvo* court held that "[t]he FAA, together with federal air safety regulations, establish complete and thorough safety standards for interstate and international air transportation that are not subject to supplementation by, or variation among, states." *Id.* at 474. The claims brought by Plaintiff do not concern this area of the law and *Montalvo* is distinguishable for this reason and others.

Defendants also rely on *Ventress v. Japan Airlines*, 747 F.3d 716 (9th Cir. 2014) ("*Ventress III*") to support their position that the FAA completely preempts. (Opp'n, at 1.) Generally, *Ventress III* stated that "Congress has *not* occupied the field of employment law in the aviation context and that the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen." *Id.* at 722. (emphasis added). Indeed, the Ninth Circuit stated "we . . . do not . . . suggest that the FAA preempts all retaliation and constructive termination claims brought under California law." *Id.*    The *Ventress III* holding is narrow and states that the plaintiff's "state law claims are preempted because they require the factfinder to intrude upon the federally occupied field of aviation safety by deciding questions of pilot medical standards and qualifications." *Id.* at 719.

In an apparent attempt to convince the Court that Plaintiff's claims will require the court to "intrude upon the federally occupied field of aviation safety," Defendants argue that Plaintiffs claims concern his "fitness to safely operate an aircraft." (Opp'n, at 10.) The Ninth Circuit in *Ventress III* said that the plaintiff's claims in that action were "little more than backdoor challenges to [Defendant's] safety-related decisions." 747 F.3d at 722. The plaintiff in that case "claimed repeated harassment from [Defendant] . . . , including demands to undergo psychiatric evaluations." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) ("*Ventress I*"). The facts here are distinguishable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

According to the Complaint, Plaintiff sent written complaints and within a short period he was terminated. The facts are lacking that Defendants' decision concerned Plaintiffs fitness and that the factfinder will need "to intrude upon the federally occupied field of aviation safety by deciding questions of pilot medical standards and qualifications." *Ventress*, 747 F.3d at 719.

Defendants have not convinced the Court that Plaintiff's claims are completely preempted by the FAA.

**2. The ADA**

Defendants argue that the ADA completely preempts Plaintiff's claims. (Opp'n, at 15.) The ADA provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1).

The Ninth Circuit has held that "[w]e conclude that the ADA does not preempt" California state law claims like those in the Complaint. *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) ("*Ventress II*"). The Court considered whether the plaintiff's state law claims "'related to' a 'service' for purposes of ADA preemption." *Id.* at 683. The Court is bound by the ruling in *Ventress II* and finds that Plaintiffs claims do not "relate[] to airline prices, routes, or services."

Thus the ADA does not preempt Plaintiff's state law claims.

**3. The AIR 21**

Finally, Defendants assert that AIR 21 completely preempts Plaintiff's claims. (Opp'n, at 15.) AIR 21, also known as the Whistleblower Protection Program ("WPP"), is an amendment to the ADA that forbids employers from discharging employees who provide "the employer or the Federal Government [with] information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle or any other law of the United States." 49 U.S.C. ℂ 42121(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

The Ninth Circuit held in *Ventress II* that the "WPP's silence on ADA preemption is ambiguous and does not necessarily imply that Congress intended to expand preemption." *Ventress II*, 603 F.3d at 683. The Third and Eleventh Circuits have also decided that the WPP does not preempt state law claims like those here. *See Gary v. The Air Group, Inc.*, 397 F.3d 183, 189 (3rd Cir. 2005); *Branche v. Airtran Airways*, Inc., 342 F.3d 1248, 1262–63 (11th Cir. 2003). The *Ventress II* court reviewed *Gary* and *Branche* and held that the "WPP did not alter ADA preemption." 603 F.3d at 683.

The Court finds that AIR 21 does not preempt Plaintiff's claims.

**ATTORNEY FEES AND COSTS**

Plaintiff requests an award of attorney fees and costs under 28 U.S.C. Section 1447(c). (Motion, Dkt. No. 20-1, at 18.) Awarding attorney fees on a motion to remand is within the Court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 708. Plaintiff fails to convince the Court that attorney fees and costs should be awarded.

Plaintiff's request is DENIED.

**DISPOSITION**

The Motion is GRANTED, and the Court ORDERS that this action be REMANDED. Plaintiff's request for attorney fees and costs is DENIED.

The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00847 AG (DFMx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | COLIN W. YATES v. SUPERIOR AIR CHARTER, LLC, et al. | | |

                                                                                                                                                                                          : 0

Initials of Preparer      lmb